United States District Court
Central District of California
Western Division
312 N. Spring Street, Rm. G-8
Los Angeles, CA 90012



FILED
CLERK, U.S. DISTRICT COURT
JUL - 9 2012
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Liberty Media Holdings, LLC
    Plaintiffs

        v.                 Civil Action No. CV12-3425 ODW

John Doe and David Mastron
    Defendant

To: Jason Gibson, aka Corbin Fisher, aka Liberty Media Holdings, LLC
c/o Marc Randazza, Randazza Legal Group
6525 W. Warm Springs Road, Suite 100
Las Vegas, NV 89118

## ANSWER TO COMPLAINT

I.    Nature of Case

1. Plaintiff claims to be owner of copyright to the motion picture, "Down on the Farm" and to have included a true and correct copy of the Certificate of Registration for said motion picture as Exhibit 1. However, the Certificate of Registration is for a different more lengthy title, "Corbin Fisher Amateur College Men Down on the Farm".
2. Denied in its entirety. Defendant has never downloaded nor used BitTorrent software in any capacity on any computer.
3. Defendant has no knowledge of any such activity at any time.
4. Defendant denies any involvement on any such activity and denies any negligence in relation thereto.

II.   Jurisdiction and Venue

5. Defendant denies that Plaintiff has any cause of action against him; however he admits that this court has jurisdiction over matters involving federal questions and copyrights.
6. Defendant resides in the jurisdiction of this court but denies any participation in any illegal activity.

7. Defendant denies involvement in any conduct related to illegal activities.
8. Defendant agrees that venue is proper but denies any involvement with any infringing acts.

III. Parties

    A.

9. Defendant has no personal knowledge and can neither confirm nor deny and leaves Plaintiff to its proofs. It appears from the complaint that Liberty Media Holdings, LLC is a distributor of homosexual pornography.

    B.

10. Defendant has no knowledge of the listed IP address.
11. Defendant has no personal knowledge and can neither confirm nor deny and leaves plaintiff to its proofs.
12. Defendant denies taking place in any such activity nor does defendant know of anyone so doing. Defendant Mastron is a Christian husband and father of five children with absolutely no interest in viewing or procuring homosexual pornography, nor would Defendant Mastron knowingly allow any other person or persons to utilize his internet connection in his house wherein his children reside for such a purpose.
13. Defendant can neither confirm nor deny and leaves Plaintiff to its proofs. Defendant denies any involvement with any such activity.
14. Defendant can neither confirm nor deny and leaves Plaintiff to its proofs. Defendant has never used Bit Torrent in any instance.
15. Defendant denies being part of any such activities. Defendant is informed and believes that Plaintiff either supplied or acted in concert with its agents to supply the original file to BitTorrent in order to generate and track the listed hash tag, thereby initiating the distribution of the file in question. Defendant believes that Plaintiff has no interest in ending peer to peer downloading of its works, rather it has shifted to using fragmentary evidence as a revenue stream because fewer people spend less money on pornography when so much is freely available. Defendant denies any involvement in any file sharing swarm or any other file sharing activity.
16. Defendant denies any involvement in any of the acts or activities described.

IV.

17. Defendant has no working knowledge of the BitTorrent protocol.
18. Defendant has no working knowledge of BitTorrent protocol.
19. Defendant has never downloaded any such software on any computer.
20. Defendant has no working knowledge of BitTorrent or .torrent files. Defendant recognizes that hash tags are associated with these files but denies any involvement in such activities.

21. Defendant has no working knowledge of BitTorrent.
22. Defendant has no working knowledge of BitTorrent.
23. Defendant has no working knowledge of BitTorrent.
24. An IP address can never identify a human user. An IP address is a piece of information assigned to a piece of hardware. For internet usage, the IP address is the address of the first device connected to the internet. This could be a computer or wireless router. Multiple devices could be attached to the initial device with or without permission, and each device could be accessed by any number of human users. Defendant has no working knowledge of BitTorrent.
25. Defendant has no working knowledge of BitTorrent. Defendant is informed and believes that .torrent files can be misleadingly labeled, accidentally selected for download or by various other means accidentally downloaded. Defendant is also informed and believes that downloading a file using such peer to peer filesharing programs is as simple as double clicking on a file on a list. However, Defendant reasserts the fact that Defendant has never downloaded nor used BitTorrent or any other peer to peer file sharing program.
26. Defendant has reason to believe that Plaintiff is or has acted in concert with the initial propagator to intentionally elect to share the file in question in order to generate and track the hash tag.
27. Defendant can neither confirm nor deny and leaves Plaintiff to its proofs. Defendant has no knowledge or familiarity with any of Plaintiff's "work" prior to being named in this action.
28. Defendant can neither confirm nor deny and leaves Plaintiff to its proofs. Defendant has never used Bit Torrent in any instance.
29. Defendant can neither confirm nor deny and leaves Plaintiff to its proofs. Defendant has never used Bit Torrent in any instance.
30. Defendant can neither confirm nor deny and leaves Plaintiff to its proofs. Defendant has never used Bit Torrent in any instance.
31. Defendant can neither confirm nor deny and leaves Plaintiff to its proofs. Defendant has never used Bit Torrent in any instance.
32. Defendant can neither confirm nor deny and leaves Plaintiff to its proofs. Defendant has never used Bit Torrent in any instance.
33. Defendant has reason to believe that the IP address mentioned was obtained by commercial means through a third party firm who may also be involved in the uploading and tracking of the file containing the referenced hash tag. Defendant denies being "a leechers" (sic) or "a seeders" (sic). Defendant denies any involvement in any such activities. (And there is no such word as "pecurniary" (sic).
34. Defendant can neither confirm nor deny and leaves Plaintiff to its proofs. Defendant has never viewed a single frame of any of Plaintiff's "work".
35. Defendant can neither confirm nor deny and leaves Plaintiff to its proofs. Defendant has never viewed a single frame of any of Plaintiff's "work".

V.

36. Defendant denies all allegations made against him except place of residence.

37. As mentioned above, the copyright certificate provided in Exhibit 1 has a different title than the "work" mentioned in the complaint. As such, no evidence is shown for any copyright for "Down on the Farm".
38. Defendant denies any such activity.
39. Defendant denies any such activity.
40. Defendant can neither confirm nor deny and leaves Plaintiff to its proofs. Defendant has never viewed a single frame of any of Plaintiff's "work". Defendant has never visited Plaintiff's online platform nor viewed any DVD produced by Plaintiff.
41. Defendant denies copying any of Plaintiff's motion picture to any hard drive at any time.
42. Defendant denies any involvement in any such activities.
43. Defendant denies responsibility for any damages.
44. Defendant denies any conduct harmful to Plaintiff either past or present.
45. Defendant denies infringing upon Plaintiff's or anyone else's copyrights and cannot destroy copies he has never made nor has any knowledge of.

### VI.

46. Defendant denies any involvement in any illegal activities. Defendant denies any involvement in any actions injurious to Plaintiff.
47. Defendant denies any involvement in any illegal activities. Defendant denies any involvement in any actions injurious to Plaintiff.
48. Defendant denies any illegal activity or activity injurious to Plaintiff. Defendant has never used BitTorrent protocol or software.
49. Defendant denies any illegal activity or activity injurious to Plaintiff. Defendant has never used BitTorrent protocol or software.
50. Defendant denies any illegal activity or activity injurious to Plaintiff. Defendant has never used BitTorrent protocol or software.
51. Defendant denies any illegal activity or activity injurious to Plaintiff. Defendant has never used BitTorrent protocol or software.
52. Defendant denies any illegal activity or activity injurious to Plaintiff. Defendant has never used BitTorrent protocol or software. Plaintiff would do well to remove files uploaded by itself or its agents in order to propagate the files in question.

### VII.

53. Defendant denies any involvement in any illegal activitiy or any activity injurious to Plaintiff.
54. Defendant can neither confirm nor deny and leaves Plaintiff to its proofs. Defendant has never used Bit Torrent in any instance.
55. Defendant can neither confirm nor deny and leaves Plaintiff to its proofs. Defendant has never used Bit Torrent in any instance.
56. Defendant denies any illegal activity or activity injurious to Plaintiff. Defendant has never used BitTorrent protocol or software. Plaintiff would do

    well to remove files uploaded by itself or its agents in order to propagate the files in question.
57. Defendant denies any illegal activity or activity injurious to Plaintiff. Defendant has never used BitTorrent protocol or software. Plaintiff would do well to remove files uploaded by itself or its agents in order to propagate the files in question.
58. Defendant can neither confirm nor deny and leaves Plaintiff to its proofs.
59. Defendant denies any involvement in such activities. Defendant has never used BitTorrent protocol or software.
60. Defendant denies any involvement or knowledge of any such activities.
61. Plaintiff has asserted that many individuals participated in a "swarm". If true, then other BitTorrent users could have accessed multiple copies of the mentioned file absent any involvement by Defendant. Defendant denies any involvement in any such activities. Defendant has never used BitTorrent protocol or software.
62. Defendant denies any involvement in any such activities. Defendant has never used BitTorrent protocol or software.

### VII.

63. Defendant denies any involvement in any illegal activities or any activities injurious to Plaintiff.
64. Defendant can neither confirm nor deny and leaves Plaintiff to its proofs. Defendant has never used Bit Torrent in any instance.
65. Plaintiff's theory of liability cannot withstand even passing scrutiny. Decades of copyright jurisprudence and legislation make clear, that body of law does not recognize a cause of action based on mere negligence. Accordingly no court has ever found that anyone has violated copyright law simply because another user of his Internet connection did so.
66. There is no statutory or civil duty to secure an Internet connection. Defendant has no obligation to Plaintiff to protect him from harm done by third parties.
67. Defendant has no knowledge of any third party using his Internet connection for illegal activities or activities injurious to Plaintiff.
68. There is no statutory or civil duty to secure an Internet connection. Defendant has no obligation to Plaintiff to protect him from harm done by third parties. Defendant has no knowledge of any third party using his Internet connection for illegal activities or activities injurious to Plaintiff.
69. There is no statutory or civil duty to secure an Internet connection. Defendant has no obligation to Plaintiff to protect him from harm done by third parties. Defendant has no knowledge of any third party using his Internet connection for illegal activities or activities injurious to Plaintiff.
70. There is no statutory or civil duty to secure an Internet connection. Defendant has no obligation to Plaintiff to protect him from harm done by third parties. Defendant has no knowledge of any third party using his Internet connection for illegal activities or activities injurious to Plaintiff.

71. There is no statutory or civil duty to secure an Internet connection. Defendant has no obligation to Plaintiff to protect him from harm done by third parties. Defendant has no knowledge of any third party using his Internet connection for illegal activities or activities injurious to Plaintiff.

WHEREFORE, Defendant respectfully requests that the Court:

(A) Find that the Plaintiffs Complaint is entirely without merit; and
(B) Immediately dismiss Plaintiff's Complaint, with prejudice; and
(C) Award Defendant his reasonable fees and costs of suit; and
(D) Grant Defendant such other and further relief as the court may deem equitable and just.

On a final note, Defendant David Mastron is actively seeking counsel within his means, no easy feat for a working father of 5.

Respectfully Submitted,

*[signature]* 7/3/2012

David Mastron
Defendant *pro se*
10443 Beach Street
Bellflower, CA 90706

Dated: July 3, 2012

CERTIFICATION of SERVICE

I, David Mastron hereby certify that on July 3, 2012, I caused this Answer to complaint CV12-3425 ODW to be filed with the Clerk of the Court by U.S. Mail at the following address:

United States District Court
Central District of California
Western Division
312 N. Spring Street, Rm. G-8
Los Angeles, CA 90012

On the same date, I served a copy of this answer upon Plaintiff via U.S. mail at the following address:

Jason Gibson, aka Corbin Fisher, aka Liberty Media Holdings, LLC
c/o Marc Randazza, Randazza Legal Group
6525 W. Warm Springs Road, Suite 100
Las Vegas, NV 89118

David Mastron
Defendant *pro se*

Dated: July 3, 2012